UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ABDINAJIB ABDI,

        Plaintiff,

v.

CHRISTOPHER BECKER, et al.,

        Defendants.
_____/

Case No. 1:25-cv-01049

Hon. Maarten Vermaat
U.S. Magistrate Judge

## OPINION AND ORDER

### I. Introduction

*Pro se* Plaintiff Abdinajib Abdi, a Kent County inmate, filed this complaint alleging that the criminal charges pending against him are false. (ECF No. 1.) Abdi, who is a currently a pretrial detainee awaiting a criminal trial, requests "compensatory, consequential, nominal, and punitive damages" from Defendants. (*Id.*, PageID.7.)

Abdi sues a total of seven people. The Defendants are Kent County Prosecuting Attorney Becker and 61st District Court Judge Dotson, and the following Grand Rapids Police Department employees: Officer/Detectives Zabriskie and Johnson, Officers Hebden and Maring, and Sergeant Hefner. Abdi alleges a conspiracy to bring false charges against him. Abdi alleges that he was initially arrested during a murder investigation, but the murder charges were dismissed. Nevertheless, he says that Prosecutor Becker and the Defendants targeted him and

1

his co-defendant[1] in an unlawful investigation. Abdi says that Prosecutor Becker committed prosecutorial misconduct by falsifying evidence and charging him with crimes without probable cause. (*Id.*, PageID.5.) Abdi says that he is currently being charged with discharging a firearm in a building, felony firearm possession, and carrying a concealed weapon. (*Id.*) He further alleges that District Judge Dotson stepped into the prosecutorial role and added a charge of unlawful use of a vehicle before binding him over to the Circuit Court. (*Id.*) Abdu says that he has been detained since September of 2023. (*Id.*, PageID.6.)

Plaintiff was granted *in forma pauperis* status on September 5, 2025. (ECF No. 4.)

## II. Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

---

[1] Plaintiff's co-defendant filed a similar lawsuit against Prosecutor Becker, the City of Grand Rapids, and Officers Johnson, Zambriskie, and Hefner. The Court dismissed the case without prejudice. (*See Abidiyow v. Becker*, W.D. Mich. Case No. 1:24-cv-1349, ECF Nos. 9 and 11 (R. & R., and Order Approving and Adopting R. & R.).) Abidiyow filed a notice of appeal (W.D. Mich. Case No. 1:24-cv-1349, ECF No. 15), but then voluntarily moved to dismiss his appeal (W.D. Mich. Case No. 1:24-cv-1349, ECF No. 17 (Order of the USCA)). Plaintiff filed a motion in this case (ECF No. 6), with Abidiyow's consent, to join Abidiyow's claims to those in this case. A separate order will address that motion.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Analysis

Plaintiff is essentially asking the Court to interfere with his state criminal proceeding. "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Id.* at 44–55. This principle is based on notions of equity

and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44. A federal court may raise abstention *sua sponte*. *O'Neill v. Coughlan*, 511 F.3d 638, 641-42 (6th Cir. 2008).

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Criminal defendants "need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings . . . and their failure to avail themselves of such opportunities does not mean that the state procedures were inadequate." *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (citing *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973)).

Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

4

The three factors supporting *Younger* abstention are present in this case. First, Plaintiff's case is pending in state court. Second, Plaintiff's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) (stating that "*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings"). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his claims.

Plaintiff's civil claims are premature. Plaintiff's damage claims are not cognizable until his criminal proceeding is resolved in his favor. Dismissal without prejudice is appropriate where the complaint seeks both equitable and legal relief and the Court abstains under the *Younger*. *See Schwab v. Wyoming Police Dep't.*, 2020 WL 3603283, at *7-8 (W.D. Mich. July 2, 2020) (noting that dismissal without prejudice is an option when both equitable and legal relief is sought but deciding to stay pending final resolution of the criminal prosecution). Where a Plaintiff seeks only damages, as in this case, the Court "must stay the case instead of exercising discretion to dismiss the case." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 702 (6th Cir. 2013). "This is because the United States Supreme Court has held that '[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles *only where the relief being sought is equitable or otherwise discretionary.*" *Id.*, (quoting *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 731 (1996)).

5

Accordingly, the Court will stay and administratively close this case and allow Plaintiff to request to reopen his civil lawsuit if the pending state criminal charges are resolved in his favor.

Dated:   November 17, 2025             /s/ *Maarten Vermaat*
                                       MAARTEN VERMAAT
                                       U. S. MAGISTRATE JUDGE